Thank you, Your Honors. Good morning, Your Honors. May it please the Court, my name is Carol Edward and I'm here today representing Ms. Kong Hernandez. She is a longtime lawful permanent resident. She's married to a King County Sheriff's officer and she has two U.S. citizen children. We're here today because Ms. Hernandez agreed to wade into the murky waters of serving as a confidential informant for the Immigration Service. She did so, we maintain, to help her family obtain the coveted immigration papers for some siblings and also to help immigration find and arrest the criminals involved in smuggling aliens and trafficking of humans and some of the smuggled aliens became involved in prostitution. She was sought out as a confidential informant by immigration after she'd done some work for the Internal Revenue Service. We're familiar with the background facts here, but could you help me with a couple of procedural steps that I was a little confused about. When she first had the removal hearing before the IJ, the only argument then was whether the Taylor categorical procedure applied and if so whether there was enough of the Shepard documents that would show that it was an offense for commercial advantage. Is that right? So there wasn't any evidentiary hearing at that point for the first one, was there? There had been an evidentiary hearing only on the cancellation claim, so there had been some evidence presented, but it specifically was not on any of the issues related to the aggravated felony charge. So then the IJ said under the categorical approach applies, there's not enough here, it's not an aggravated felony, the BIA reversed, correct? Correct. And then Nijuwan came down specifically referencing that statute. Then could you tell me what exactly happened before the IJ on the next round? Okay, and so what happened then, of course, the Board of Immigration Appeals reversing, remanded so that it could have an evidentiary hearing. And there was a very brief master calendar hearing, it's about six pages in the transcript, at which the immigration judge said, okay, we now want motions to terminate and requested that we file certain briefing, which we then did. Now, could you have asked for an evidentiary hearing? Did the IJ, was he open to it? Did you weigh of an evidentiary hearing? What's the, what actually happened before the IJ? I've read the transcript, obviously, but it wasn't completely clear to me what the parties were understanding there. The understanding of the parties was that the, well, the expectation certainly was that there was going to be an evidentiary hearing, and normally what happens in immigration court is some of the judges request that a motion be filed on various things, and usually then there's some kind of order or decision on the motion, and then there's an evidentiary hearing that would follow. So the expectation, which I think is, it's murky when you, also when you read the transcript, but the expectation was that we would file these motions if the judge found that evidentiary evidence was going to, that there was a disputed fact, then he would set it for an evidentiary hearing, which would have been set at the next master calendar hearing, which had already been set for August, so that... There's some indication in the transcript that you, were you representing, or was there another attorney representing? No, I was representing her. There's some indication that you said, no, we don't need to go beyond the record, suggesting you weren't asking for an evidentiary hearing. Yes, there is, there is evidence of that, but the question the judge said was, do you want to stick by the record of conviction, or do you believe it's appropriate to go outside? And at that point, there still wasn't, and there still isn't, honestly, any real definition of what factors can be used in making this circumstance-specific analysis. But the difficulty is, as I'm reading this, at that, I think it's the May 2010 hearing, although the judge says, you know, you're familiar with the board's remand, talks about that, you can file this updated motion, and then asks about, do you want to go outside the record of conviction? It seemed to me that's the invitation to say, do you want to put in any more evidence? And then you say no, and now you're saying that there's either a due process problem, or the record itself is Ms. Hernandez here. So there's basically two arguments, Your Honors. One is, what evidence is sufficient to find this circumstance-specific analysis? What can be used, and what can't be used? And additionally, in the circumstance where you normally proceed to an evidentiary hearing, and the judge asks for specific motions to be submitted, and you comply with those at that point, should the judge at that point have issued a decision stating that, I find that we are going to go outside the record, that this is what the proper legal standard is, and therefore, if you want to submit any evidence, submit it now, or not. I mean, normally what happens is there's a pre-hearing statement, and that's when you submit the evidence. It is very unusual in immigration cases for the respondent to submit any evidence until the individual hearing. So what did you do? We never got an individual calendar hearing, so we never submitted this additional document. So what I did was, this case was then, we appealed it, based upon the fact the judge made this decision and didn't allow an evidentiary hearing after his decision was that we are going to go outside the record, and therefore, I submitted some additional documents to the BIA saying, look, this is some of the stuff we would have submitted. We would have submitted proof that the reason she was, her motivation, which is the issue here, related to her helping her family. And so we never had an opportunity to present those, nor to present our client's testimony on that specific issue. But you know, and Mr. Hong, his deposition was taken, right? Yes. And did you even cross-examine Mr. Hong? No, I wasn't actually part of the federal court case that was the criminal proceedings, and we didn't have an opportunity to do that. And the other thing that is... But there was, was there counsel there? Yes, there was. On behalf of Fernandez. But was commercial advantage at issue? And that's not an element of the... It's not an element, and it wasn't an issue. And the only place that there's any, well, and I want to say with that deposition, he was arrested in January of 2003, and this was actually something that happened, that she pled to, of August of 2003. So he, part of the facts or circumstance analysis has to do with this incident. What happened this time? So really, that, that deposition shouldn't even been considered at all. And then the other piece of information we have is a pre-sentence report, which shouldn't have been released without the court's permission, because it said specifically in that, that the, the individual district court judge has the right to determine whether it should be released or used further. And then we have hearsay by someone or someones in the pre-sentence report, and we don't even know who said it. We don't know if it's immigration. We don't know if it's a criminal detective. We have no idea who made the statement about the $2,500. Did the IHA ever suggest that, was it a he, that he would go outside the record in determining commercial advantage? Because I didn't see that in the six pages. No, he did not. He never said that he was going to do that. He never, and so because, again, the issue is what can you look at and what can't you, when the judge seemed to imply you could only look at the record and was going that way, and it wasn't decided, it felt appropriate to submit a brief saying, okay, let's stick with the record here, finding that he made a decision otherwise, that we would then get our evidentiary hearing. So that would be appropriate. So the IHA had previously said the record wasn't enough to show commercial advantage, so it was really reasonable at that point to say, don't go outside the records. He had already made a favorable decision for your client. Isn't that right? That's right, and we've also previously gave information saying that we had additional information about the motivation, and that was something that had been said multiple times. So there was a dispute for us to go back and have that evidentiary hearing that you never got. Exactly. You want to save your remaining time? Yeah, my 37 seconds. Thank you. May it please the court, my name is Jeffrey Leis, appearing on behalf of the Attorney General. Here the court should dismiss the petition for review because after a full and fair removal process, the petitioner was properly found to be removable as an aggravated felon. And here, the court can look beyond the record of conviction. Ijuana said that, the court's recently reaffirmed that, and Olivia Smata said that in circumstance-specific cases, you can go outside the record of conviction. In this case, DHS in August of 2007, during the initial IJ proceedings, submitted the evidence of the PSR and the Hong deposition, and said that this is sufficient evidence to show that the petitioner at that time had established the commercial advantage. At the time, the IJ disagreed and thought that he had to stay within the record of conviction. It then goes up to the board, and the board agrees with DHS, and says you can look outside the record of conviction, and specifically remands for that purpose. But this is my problem. So the statute says, in a removal proceeding, you're supposed to have procedures. You're supposed to have an evidentiary hearing. I mean, the statute just lays it out what the procedures are, and it isn't discretionary. It's mandatory procedures for removal. And Mr. Hernandez didn't get that, and the IJ instead said some ambiguous sorts of things, not suggesting that he's going to hold a hearing. And so the argument that she was deprived of what the statute allows seems pretty persuasive. Why isn't that the case? I think that the IJ's language at the time was that he gave an invitation. DHS had already submitted what they thought was the evidence that was outside the record of conviction. Gave the petitioner an opportunity to then say, listen, do you want to stay within, or do you want to go outside? This is at 98 and 99 of the record. But doesn't that suggest, at least it's ambiguous, doesn't that suggest that the IJ is giving her an opportunity to say, you IJ should stay within the record? Because IJ said, within the record, there isn't enough evidence. Right, but then the board remands because the board disagrees, and says that you can look outside the record, and then specifically says, please discuss the 2005 PSR. So shouldn't the IJ then just have scheduled evidentiary hearings per the statutory requirements? Well, on page 99 of the record, the IJ again says, listen, I'm willing to entertain any other evidence you want to submit. Just let me know in your actual motions. And there was no request for additional evidence. No other evidence was submitted at that point in time. But wouldn't we have to say that Ms. Hernandez had waived her right to an evidentiary hearing or forfeited it in some way? I mean, because there certainly was no express acknowledgement that she was giving up the right to an evidentiary hearing, which is allowed by statute. Right. Well, I think that, I mean, the immigration judge took that as that, that when he asked the invitation to submit additional evidence, and the petitioner said that she wanted to stay within the record of conviction. And then when he, again, says, listen, if you want to submit any additional evidence, just let me know in your motion, and then we'll go from there. And then there was no additional evidence. There was no request for a hearing. There was no request for testimony, no request to submit subpoenas for anybody. So I think at that point, the immigration judge took the silence on that issue to be that there was no dispute on that matter. So the IJ's option, saying, do you want to stay within the record or go outside the record, we should interpret it as saying, do you want an evidentiary hearing or not an evidentiary hearing? Is that what you're saying? I think that's what he was laying out in that procedure. And then the next page, when he says, if you want to submit anything else, please do so with your motion or any request in your motion. And then she says, yes, and I'll make that clear in my motion. Right. And there was nothing submitted there. She does submit documents with her brief to the board, which the board then rejected because you don't submit documents on IPO, but also because they wouldn't have changed the actual result of the hearing that the board says. And I think it's important to look at the actual language of the brief to the board is that she says that these are the documents she would have submitted. This is page 57 of the record. And none of those documents, in fact nothing in the record, actually contradicts the assertion that she was paid $2,500 to smuggle this person or to transport this person. And there's nothing in the record at all that at any point, not during the deposition for Mr. Hong when he eight or nine times says that she was paid to do this. No objections, nothing on cross. Would you also clarify that because she was paid $2,500 to transport a Korean national. But the timing of Hong and his arrest and his testimony vis a vis the incidents that she's essentially being charged for in terms of the basis for her removal. Is this just background information? It's basically establishing the general motive. If you look at the... So in other words, do it once, do it twice? No, what it was was that the immigration judge treats it as this, that you... This is evidence that throughout this entire conspiracy that she was being paid. That this was not simply a case where she was doing this behavior for benefits to her brother for immigration purposes. That this was throughout this entire course. And I think that the immigration judge found that that was the credibility of the PSR, which also said that she was paid during this specific instance. So what I take it from that argument is that there was... If the procedures were done appropriately, there would have been substantial evidence to support a conclusion that it was an aggravated felony. Is that what you're saying? Right, Your Honor. That the evidence that's been submitted, even if you look at the evidence to the board, that that doesn't actually undercut the statement that she was paid for this specific incident. The documents submitted to the board related to her general motivation for becoming a confidential informant prior to not including this, actually, the incident in question, which she was convicted of doing work outside the scope of that. Is this clear and convincing evidence that you need? Yes, it is. So if you take out the PSR, I don't know where that came from. Well, the PSR, there was an opportunity to actually challenge that. Well, but that's a separate question. Right. I mean, that's sort of, should there have been a hearing. But if you just take what you have, a PSR where you don't know where it came from, you're kind of left with Hong's deposition. And nobody's found him specifically to be credible, correct? No, Your Honor. But at the same time, there was an opportunity for cross-examination at the time. And this issue was never true. But at the time, was this the precise issue that his deposition was focusing on? I don't believe so. So, I mean, in other words, to me, that's, I don't mean you're disingenuous, but the argument has some disingenuity to it because you have his deposition and you say, well, they could have cross-examined him. They had a lawyer there and they didn't. But this wasn't the issue in front of that deposition. So it's kind of hard to say you should import that wholesale to the disadvantage of the petitioner. What is your response to that? I mean, I think there are the eight or nine instances when Mr. Hong says that she was paid and there's no objection to that. There's no cross examination on that. So I would think that even if that's not the specific issue of the case, that you would still want for future benefit to have the actual facts that are the issue. Well, you might if you were thinking about that. Right. I would think that when you have a criminal case that you would want to get anything that you think is a blatant falsehood on the record that you believe that. But a lot of times, you know, in these criminal cases, people aren't necessarily appropriately thinking about immigration consequences. So that's just the sad fact. Right. And just if I could return to PSR for a moment. Again, there was an opportunity for the petitioner to challenge the assertions in that. Not really in the evidentiary hearing. I know that that Babaysikov, the BIA case, says PSRs are unreliable, but they're admissible as long as you have an opportunity to challenge them. But here, there was an evidentiary hearing, so she couldn't challenge it in that forum. So what was the opportunity? During her trial, there's actually the sentencing hearing, where the judge in that case says... But again, the $2,500 is not an element of the offense, right? Right. But was it part of the... Was it an enhancement? Was there a motivation to challenge the $2,500 in sentencing? Again, I don't believe so, Your Honor, but it's... But I mean, the government attorney at that time, twice, also in the sentencing hearing itself, also says that she was paid for this, and that also goes unchallenged by her defense attorney at that point in time. So I mean, there simply is... There's been the assertion from the criminal proceedings that she was paid throughout and in specific incidents, and that was never challenged during her actual criminal proceedings. We haven't had any evidence that's really been presented at the actual immigration proceedings to actually counterman that assertion. Did she ever file an affidavit as to her motivation? No. There was no affidavit that... She said a couple of times that she would have testified, but there's been no assertion as to what that testimony actually would have entailed or if it would have somehow disputed or undercut the assertion that there was a $2,500 payment for this specific action. So there was no proffer even to the BIA on appeal, is that right? Right. There was two documents submitted to the BIA, and they were both related to her motivation, and one was like a status report of her actions as a confidential informant. Well, there was no actual affidavit or any assertion what she would have actually testified to. But her theory of defense, at least in the immigration proceedings, was my motivation was to obtain immigration benefits for myself and my children as opposed to for commercial advantage. Correct. But I think that if the evidence suggests that you were in fact paid for this crime, that that kind of satisfies the commercial advantage aspect of it. In U.S. v. Yoshida, commercial advantage can be satisfied even if you're not paid, as long as you have the expectation of being paid. And in this case, I would suggest that if you  There are no further questions. Thank you. We'll put a minute on the clock, please. Ms. Edward, when the judge says to you if you want to take a position or make it, you should do it in a motion, and you say yes, and I'll make that clear in my motion, and then was there a motion? The motion was to terminate, that's all. The judge asked us our position, which I took as the legal position on what evidence should be submitted on, what is the legal standard on making this decision, and that's what we responded to. We didn't respond to a question about should we have an evidentiary hearing, because we didn't, the question wasn't asked, and the assumption was, of course, which I think is a fair assumption, if you're in a proceeding like this, that you would normally go to an evidentiary hearing. That's what happens. Now, would I ever not put it specifically in a motion that I want an evidentiary hearing? No, I will always include that, but before this, I assumed that the judge would follow the rules and follow the regulations and schedule a hearing like he was required to do. The other thing I just wanted to indicate, too, is, and part of the reason we need a hearing on this is that she did do a lot of work related to the smuggling, and whether she received a payment that the government said go do this and go do that is something that needs to be addressed at this individual evidentiary hearing. But, you know, in Section 7E of your plea agreement, the client's plea agreement, she admitted that she committed this prostitution offense without the authorization or knowledge of the government, right? Yes, she did admit that they did not know at the time she left. She also says that she called them to try and do it. She made a mistake, and it was definitely a crime, because she did not get the appropriate pre-authorization. And she admits it, and that was acknowledged, and the government says you have to do it a certain way. But, as you know, when you have a confidential informant that's working with, you know, with different criminals on the smuggling thing, and she's doing what she thinks they want her to do, you make mistakes. And the mistake that she made was a crime, and she did end up pleading guilty to that. Unless she was getting paid for it, which obviously was not something the government would, she wouldn't do as a confidential informant for the government. Right. And that's, I guess that's the whole issue here, is what evidence is appropriate to be used to determine that, and were we entitled to an evidentiary hearing? Thank you. Thank you. The case of Hernandez v. Holder is submitted. Thank both counsel for your arguments this morning. Bradley Marshall v. the Washington State Bar is submitted on the
judges: Gilman, McKeown, Ikuta